**AMERICAN SAMOA GOVERNMENT, Plaintiff,**

**v.**

**SEFO TUILAGI, Defendant.**

High Court of American Samoa
Trial Division
CR No. 74-02

February 10, 2003

Before RICHMOND, Associate Justice, ATIULAGI, Associate Judge, and TUPUIVAO, Associate Judge.

Counsel: For Plaintiff, John W. Cassell, Assistant Attorney General
For Defendant, Bentley C. Adams III, Asst. Public Defender

ORDER DENYING MOTIONS TO DISMISS
AND TO TAKE DEPOSITIONS

Defendant brings before us a motion to dismiss the prosecution and to take depositions pursuant to T.C.R.Cr.P. 15. We deny both motions as premature.

**Background**

Defendant is charged with violating A.S.C.A. § 13.1022.[1] He was arrested at the port facilities in Fagatogo after authorities discovered what is alleged to be approximately 8 pounds of marijuana in a box defendant carried. At the time, he told the authorities that he had no knowledge of what was in the box. Instead, he insisted that he was bringing it as a favor to an acquaintance from the Independent State of Samoa ("Samoa"). He alleges that there are witnesses currently residing in Samoa that can corroborate his statements.

## I. Motion to Dismiss Prosecution

Defendant moves to dismiss the prosecution on the basis that the statute in question violates the territorial and U.S. constitutional prohibitions against cruel and/or unusual punishments.[2] We decline to rule on the

---

[1] **13.1022 Possession of controlled substance unlawful.**

(a) Except as authorized by the director, it is unlawful for a person to possess a controlled substance.

(b) A person who violates this section is guilty of a felony and shall be punished as follows:

(1) for a first offense, a fine not less than $5,000 and not more than $20,000 or not less than 5 years and not more than 10 years in prison, or both;

(2) for a second offense, a fine not less than $20,000 and not more than $30,000 or not less than 10 years and not more than 20 years in prison, or both; and

(3) for a third offense, a fine not less than $30,000 and not more than $40,000 or not less than 15 years and not more than 30 years in prison, or both;

There shall be no parole for a conviction under this section.

(c) The above penalties are mandatory.

[2] The Eighth Amendment of the U.S. Constitution provides, "Excessive bail shall not be required. Nor excessive fines imposed, nor *cruel and unusual* punishments inflicted." (emphasis added). Article 1, Section VI of the Revised Constitution of American Samoa states in part, "Excessive bail shall not be required. Nor excessive fines imposed, nor *cruel or unusual* punishments inflicted." (emphasis added).

At this juncture, we need not comment on whether the grammatical difference between the two clauses—that the U.S. Constitution is in the conjunctive and the Revised Constitution of American Samoa is in the disjunctive—provides for different and greater protections or rather is merely a matter of semantics. *Compare People v. Anderson*, 493 P.2d 880 (Cal. 1972) (holding that the "cruel or unusual" language of the California Constitution provides greater protection than the Federal Constitution), *superseded by* CAL. CONST. art. I, § 27, *and People v. Bullock*, 485 N.W.2d 866 (Mich. 1992) (same with regards to Michigan Constitution), *with Thomas v. State*, 634 A.2d 1, 10 n.5 (Md. 1993)

motion since the issue is not ripe for adjudication.

 Any constitutional attack on a particular punishment is normally not ripe for review before the punishment has been given, indeed, before the trial has even commenced. *See United States v. Quinones*, 313 F.3d 49, 58 (2d Cir. 2002). However, courts will rule if "(1) the issues are fit for judicial consideration, and (2) withholding of consideration will cause substantial hardship to the parties." *Id.* (quoting *Abbott Laboratories v. Gardner*, 387 U.S. 136, 149 (1967)). While a facial attack on the statute may be fit for judicial consideration, the second requirement has not been met in this case. Unlike *Quinones,* defendant's strategy will not change by invalidating the punishment portion of A.S.C.A. 13.1022; nor will the procedures in his trial vary. *Cf. id.* at 58-61. Instead, only the sentencing stage would be affected.[3]

Furthermore, review of the punishment scheme involved in this case would be more complete if undertaken after trial. At that time, we could not only entertain a facial attack on the statute but also review the constitutionality of the punishment as applied to this specific defendant. Additionally, it is likely that the United States Supreme Court will have issued an opinion further delineating the scope of the cruel and unusual clause. *See Andrade v. Attorney Gen.*, 270 F.3d 743 (9th Cir. 2001), *cert. granted*, 535 U.S. 969 (April 1, 2002) (No. 01-1127); *People v. Ewing*, 2001 WL 1840666 (Cal. App. 2d Dist. April 25, 2001), *cert. granted*, 535 U.S. 969 (April 1, 2002) (No. 01-6978).

## II. Motion to Take Depositions

Defendant also requests us to order depositions of potential witnesses currently residing in Samoa. Defendant's main contention is that these witnesses will not be able to afford the trip to American Samoa to testify at trial. At this stage of the proceedings, however, defendant has failed to meet his burden under T.C.R.Cr.P. 15.

 Though "the taking of depositions in criminal cases is generally disfavored," *United States v. Des Marteau*, 162 F.R.D. 364, 367 (M.D.

---

(finding no distinction between the two phrases).

[3] Defendant's attack on the entire statute sweeps too broadly. We do not believe that a successful constitutional attack on the punishment portion of the statute would invalidate the entire statute. If successful, his motion would not result in immunity from prosecution or, if brought after trial, require reversal of the underlying conviction. Instead it would require different considerations at the sentencing stage or, if after trial, resentencing. *See Quinones*, 313 F.3d at 60-61. Therefore, we treat defendant's motion as simply attacking the constitutionality of A.S.C.A. § 13.1022(b) and (c).

Fla. 1995), T.C.R.Cr.P. 15 allows them in cases of "exceptional circumstances." It is within our discretion to grant such an order, but only if the moving party has met his burden. *Id.* We look to several factors: "[1] whether the desired witness is unavailable to testify at trial, [2] whether the witness'. testimony is material to the moving party's case and [3] whether the taking of the deposition would cause injustice to the nonmoving party." *Id.*; *see* 2 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE §§ 241, 242 (3d ed. 2000).

At the very least, defendant has not shown that the witnesses here will be unavailable.

Our ruling does not preclude defendant from making this showing at some point later in the proceedings. We only decide that he has not yet done so.

### Conclusion

For the foregoing reasons, both motions are denied.

It is so ordered.